**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Carlos Torres,

Plaintiff(s),

v.

Focus Electric, LLC, et al.,

Defendant(s).

Case No. 2:26-cv-02055-GMN-EJY

**Order**

"The evaluating magistrate judge has final authority to . . . exempt any case from early neutral evaluation on the judge's own motion. These orders are not appealable." Local Rule 16-6(c). Based on the futility representation from the defense, Docket No. 19 at 2, the Court will not hold an early neutral evaluation in this case, *cf. McCarty v. Roos*, 2013 WL 5436578, at *2 (D. Nev. Sept. 27, 2013) ("The Court generally does not grant motions for settlement conferences that are opposed").[1] Accordingly, the Court **VACATES** the early neutral evaluation. The Court **INSTRUCTS** the Clerk's Office to remove the ENE flag from this case and to remove the undersigned as the settlement judge.

IT IS SO ORDERED.

Dated: November 5, 2026

Nancy J. Koppe
United States Magistrate Judge

[1] There has been a deluge of employment cases filed by the law firm representing Plaintiff, resulting in the doubling of employment cases assigned to each magistrate judge. *Hasanien v. Utility Mapping Servs., P.C.*, 2026 WL 3181249, at *1 n.2 (D. Nev. Oct. 23, 2026). This has pushed the early neutral evaluation program to its breaking point. Plaintiff's counsel here says, in effect, that the settlement positions he has conveyed are not true positions and that he may be more reasonable at the early neutral evaluation, where he has "significant room" to drop. Docket No. 19 at 1-2. An attorney interested in participating in an early neutral evaluation must not engage in unrealistic puffery. The Court will not expend its scare resources preparing for and holding an early neutral evaluation on the hope that the out-of-the-ballpark positions taken by Plaintiff may be reeled into something reasonable.